# JANUARY TERM 1883.

NOBLE J. BOSTWICK ET AL. v. THE FIRE DEPARTMENT OF
THE CITY OF DETROIT.

*Mandamus discretionary—Laches.*

Mandamus to compel restoration to membership in a corporation was
denied with costs where the relator, who was excluded for nonpay-
ment of dues, but by proceedings of doubtful validity, had practi-
cally acquiesced and did not tender payment or seek to be reinstated
for upwards of nineteen years.

Mandamus. Submitted Oct. 10. Denied Jan. 5. This
is a proceeding by some thirty members of the Old Fire
Department to compel that organization to reinstate them
to membership on payment of their dues. They claim that
their names were dropped from the roll in pursuance of an
amendment to the constitution of the department, adopted
May 13, 1863, and claimed by them to be illegal and invalid
as having been adopted at a special meeting and without
sufficient notice to members. The amendment provides
that any member who should fail to pay all arrears of dues
before August 1, 1863, should thereafter cease absolutely to
be a member; and any member who should fail to pay all
unpaid dues by the 1st of June, in each year, should forfeit
his membership.

*Charles M. Swift* for relator.

*F. A. Baker* and *G. V. N. Lothrop* for respondent.
Mandamus has been held inexpedient after five years delay :
*People v. Delaware Com. Pleas* 18 Wend. 558 ; or where
there has been acquiescence for a year : *People v. Seneca
Com. Pleas* 6 Wend. 517

MARSTON, J.  In my opinion this case differs in one important and decisive respect from that of *Pulford v. Fire Department*, 31 Mich., 458.  In the present case, while the record is not as full and clear as it might have been made, yet it sufficiently appears that annual dues were to be paid by the members, and the relator alleges "that he was permitted to receive all the benefits of membership until the year 1862, and up to that time had paid all dues and fees due from him to said corporation."

I make no reference to the proceedings that followed this date under the amendment of May 13, 1863, as such were ineffectual under the decision in the *Pulford Case* farther than that it may fairly be presumed relator had some knowledge thereof.

The relator does not allege, nor does it appear, nor can it be inferred, that he at any time attended a meeting of the corporation, or at any time took the slightest interest therein, or paid or offered to pay any dues until June 24, 1882. Thus for upwards of nineteen years the corporation and plaintiff were, as to each other, effectually dead.

In *Pulford's Case* the non-payment of dues was during the relator's absence in the army, and on his return in 1865 he applied for restoration and offered to pay his dues.

The writ of *mandamus* is discretionary, and in my opinion it should not be granted in a case like the present, where no effort is made to excuse the delay other than the relator insisting upon strict legal right.

The action of the corporation and of its secretary, in passing the amendment of May, 1863, and dropping relator's name from the rolls thereunder, may have been arbitrary and illegal, but clearly the relator could accept such action, and there must be some period of time which a knowledge of the facts and acquiescence therein would by all be conceded as sufficient ground upon which to deny a discretionary remedy like the one sought for in the present case.

The delay in this case has been so great that no intendments can be made in favor of the relator, and as he has not excused the delay, the writ should be denied with costs.

The other Justices concurred.